In the Matter of the GUARDIANSHIP OF Lisa Ann PHIFER, a minor child.

No. 54361.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 8, 1981.

Rehearing Denied Jan. 5, 1982.

Released for Publication by Order of the Court of Appeals April 23, 1982.

Thomas H. Tucker, Gerald E. Kelley, Dept. of Institutions, Social and Rehabilitative Services, Oklahoma City, for appellant.

Virgil L. Upchurch, Buzbee & Upchurch, Anadarko, for appellee.

BRIGHTMIRE, Presiding Judge.

The seminal question is whether the Department of Institutions, Social and Rehabilitative Services of Oklahoma has a legal right to intervene as next friend in a guardianship proceeding relating to a five-year-old child whose father has died leaving a sizable estate and whose mother abandoned her at birth. The trial court held it did not and dismissed the petition. DISRS challenges the correctness of this decision.

I

Little Lisa Ann's mother disappeared shortly after her birth and her whereabouts have remained unknown. Lisa's father, Henry Phifer, a physician, requested a next door neighbor, Cora May McNeill, to care for the child. She began to do so and has continued to since then.

Phifer died in the spring of 1979. McNeill, a 50-year-old widow subsisting mainly on Social Security Disability benefits and government welfare, filed this action April 19, 1979, at 1040 hours asking the court to appoint her guardian of Lisa, and one minute later at 1041 hours, the court appointed her guardian and granted her letters of guardianship.

On May 24, 1979, DISRS filed a petition to intervene in this matter alleging it had the statutory authority and duty under 56 O.S.1981 § 176 and 74 O.S.1978 Supp. § 181 to provide for the welfare of minors without parents, and to intervene as next friend for all parentless minors who have an interest in some estate that must be protected from third party exploitation. The State further alleged that the appointed guardi-

an, Cora McNeill, possesses poor physical and mental health, has had little education or business experience and is not capable of properly administering Lisa's estate. Nor is she able, at this stage of the child's life, due to a lack of learning and cultural experiences, to use Lisa's substantial resources to maximally advance the youngster's personal development. These shortcomings of McNeill, said DISRS, place both Lisa's property and personal welfare in jeopardy, and therefore, as next friend of Lisa, it asked the court to revoke McNeill's letters of guardianship and appoint a responsible, competent and proper party.

McNeill met the attack head on with a motion to dismiss the petition on two grounds: (1) DISRS has no authority to intervene, and (2) more than 30 days have expired since her appointment.

The motion came on for hearing October 2, 1979. On that date the State filed what it called an "Offer of Proof" stating that it was prepared to present witnesses and documents establishing these facts: McNeill "has experienced and may be still experiencing intermittent tingling of the face, both hands and both legs; that she has stated that she had difficulty thinking ... going to sleep and remaining asleep; she has admitted to despondency; that she was diagnosed by a physician as having difficulty in maintaining her line of thought; that she suffered from a depressive reaction; and that a physician diagnosed McNeill's major disability as psychiatric and recommended psychiatric evaluation and appropriate therapy...."

DISRS also offered to prove that McNeill had received both Aid to Families with Dependent Children and disability benefits from the government; that she lost a home she once owned because she could not make the mortgage payments; and finally, McNeill once told a social worker she (McNeill) "could not think clearly at times because she was not getting enough blood to her brain," she experienced "attacks" every day, she is disabled, she "suffers from migraine headaches," and that turning her head normally causes "severe pain" frequently causing her "to become nauseated."

The trial court sustained McNeill's motion and dismissed DISRS' petition.

## II

We hold the trial court should have permitted the State to intervene. Lisa is, for all practical purposes, an orphan.[1] Her natural mother abandoned her at birth and her father is dead. This status makes her a ward of the state. The sovereign as parens patriae protects its wards through its courts[2] and statutory agencies.[3] Specifically DISRS is statutorily "empowered to intervene as next friend in cases of all minor orphans in this state when it is shown or appears to the Department that the estate of such minors is being mismanaged or dishonestly administered."[4]

The allegations of DISRS' petition demonstrate prima facie that it appears to that agency Lisa's estate is being mismanaged because of the facts pointing to McNeill's lack of physical and mental capacity to do otherwise.

By our holding we do not intend to disparage or cast aspersions on Cora McNeill's efforts in nurturing the child during infancy. But performance of this service satisfactorily is not evidence that she is now or will be able to adequately administer the growing child's changing needs. Of paramount concern, after all, is not the interest of McNeill but that of the child. Of course, a sudden complete severance of the long existing nanny relationship certainly may not be best for Lisa.

But the court should, in the fulfillment of its judicial overseeing function, avail it-

1. The term orphan, according to Webster's Unabridged Dictionary, usually refers to a child whose parents are both dead, but it also is used to describe a child who has lost only one parent, probably in situations similar to the one we have here.

2. 58 O.S.1981 § 761 *et seq.*

3. Okla.Const. Art. 25, § 1; 74 O.S.1978 Supp. § 181.

4. 74 O.S.1978 Supp. § 181.

self of the services of DISRS and hear whatever evidence it can offer relative to the mental and physical interests of the child. Depending on what the evidence discloses, various options are open to the court, including, but not limited to, the appointment of a guardian of Lisa's estate during a gradual phase out of the McNeill attachment if the court finds the child's welfare warrants this.

The order dismissing DISRS' petition to intervene is vacated and the cause is remanded with directions to grant it leave to intervene and afford it an opportunity to be heard concerning the relief it seeks.

BACON, P. J., and BOYDSTON, J., concur.